**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01764-REB–MJW

JONATHAN ROWE, PhD,

    Plaintiff,
v.

GENE EXPRESS, INC.,
ALFRED C. POLLOCK, III,
NIKOLAS V. LAZARIDIS, PhD., and
GERALD J. VARDZEL, JR.

    Defendants.

**ORDER GRANTING MOTIONS TO DISMISS
AND GRANTING MOTIONS TO COMPEL ARBITRATION**

**Blackburn, J.**

This matter is before me on the following: (1) **Motion By Defendant To Compel Arbitration** [#20][1] filed September 1, 2010; (2) **Defendants' Motion To Partially Dismiss Plaintiff's First Count for Relief Pursuant To FED. R. CIV. P. 12(b)(6)** [#22] filed September 1, 2010; (3) **Motion By Defendant To Compel Arbitration** [#25] filed September 3, 2010; and (4) **Defendants' Motion To Partially Dismiss Plaintiff's First Count for Relief Pursuant To FED. R. CIV. P. 12(b)(6)** [#27] filed September 3, 2010. The plaintiff filed responses to each of the motions, and certain of the defendants filed replies. The defendants whose motions currently are at issue are proceeding *pro se*, and I have construed their pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v.***

---

[1] "[#20]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

*Pardus*, 551 U.S. 89, 94 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). I grant the defendants' motions.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

## II. FACTS

This summary of the facts is based on the factual allegations in the Complaint [#1-11] also docketed as [#6] filed July 26, 2010. For the purpose of resolving the motions to dismiss and to compel arbitration, I assume the allegations in the Complaint to be true.

The plaintiff, Jonathan Rowe, seeks to enforce the terms of two employment agreements between Rowe and defendant Gene Express, Inc. Rowe seeks also to impose liability on three individuals, Alfred Pollock, Nikolaos Lazaridis, and Gerald Vardzel, each of whom is an officer of Gene Express, Inc. Gene Express is a Colorado Corporation. Gene Express is engaged in the business of creating and developing ideas, processes, methods, and other technology for the measurement of gene expression and for the creation, development, manufacture and sale of medical, research, diagnostic and other products and services. *Complaint* [#1-11], Exhibit A (Employment Agreement One).

On January 7, 2008, Rowe was hired as a Senior Vice President for Gene Express. The terms of Rowe's employment were stated in an employment agreement. *Complaint* [#1-11], Exhibit A (Employment Agreement One). Rowe was to be paid 175,000 dollars annually. In August 2008, Rowe was promoted to Chief Operating Officer. Rowe's duties and responsibilities did not change, but a new employment

agreement was executed at this time.  *Complaint* [#1-11], Exhibit B (Employment Agreement Two).  As additional compensation during 2008, Rowe was given 360,000 restricted stock options and stock warrants priced at 50 cents per share.  Rowe performed his work for Gene Express from his home in Connecticut.  Rowe says he performed his duties fully through the end of January, 2009, but Gene Express failed to pay him 145,840 dollars in wages due under the agreement.  Rowe resigned his employment on January 23, 2009.   Rowe alleges also that he is due 190,000 dollars in severance pay under the terms of the employment agreements and that Gene Express is obligated to make 7,750 dollars in matching contributions to a 401K plan for Rowe.  In his Complaint [#1-11], Rowe asserts two claims for relief.  First, he asserts a claim under the Connecticut Wage Collection Law.  Second, he asserts a claim for breach of contract.

The Employment Agreements contain a forum selection clause that provides that "(t)he parties agree that the state courts of Colorado and the federal courts sitting in Colorado shall have jurisdiction over the interpretation and enforcement of this Agreement." *Employment Agreements A &B*, ¶ 15.  The Employment Agreements contain also a choice of law clause , which provides that the "Laws of the State of Colorado, exclusive of its conflict of laws provisions, shall govern the validity and interpretation of this Agreement and the performance by the parties of their respective duties and obligations under this Agreement."  *Id.*, ¶ 12.

### III.  MOTION TO DISMISS STANDARD OF REVIEW

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a).  I must accept all well-pleaded allegations of the

3

complaint as true. ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[2] Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 550 U.S. at 556) (internal quotation marks omitted)).

---

[2] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit has clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

4

### IV.  ANALYSIS - MOTION TO DISMISS

In their motions to dismiss, defendants Pollock and Lazaridis argue that Rowe's first claim for relief must be dismissed under FED. R. CIV. P. 12(b)(6) to the extent Rowe seeks relief against Pollock and Lazaridis as individuals.[3]  In addition, Pollock and Lazaridis argue that Rowe's first claim for relief must be dismissed to the extent Rowe seeks to recover severance pay.  Pollock and Lazaridis's arguments are based on their contention that the Connecticut Wage Collection Law is not applicable to this case, and that Rowe's claims necessarily must be asserted under Colorado Wage Claim Act, §§8-4-101 through 8-4-123, C.R.S.  The Colorado Wage Claim Act does not provide for recovery against officers and agents of a corporation that owes wages to an employee, and does not provide for the recovery of severance pay.  Notably, Rowe has not asserted a claim under the Colorado Wage Act.  I analyze here the viability of Rowe's claim under Connecticut law, but I decline the implied request of Pollock and Lazaridis to convert Rowe's first claim for relief to a claim under the Colorado Wage Claim Act.  It is Rowe's prerogative to determine which claims to assert in this case.

In his response [#35] to Lazaridis' motion to dismiss, Rowe analyzes the choice of law issue concerning the application of Connecticut law versus Colorado law.   If the Employment Agreements mandate the application of Colorado law, then Rowe cannot assert claims under Connecticut law in an effort to enforce the terms of the Employment Contracts.  Rowe contends that under Colorado's choice of law principles, Colorado law is not applicable, despite the terms of the Employment Contracts.

---

[3] The opening paragraph of both motions to dismiss [#22 & #27] indicates that Pollock and Lazaridis seek to present their arguments on behalf of themselves and all other defendants.  There is no indication in the record that either Pollock or Lazaridis are attorneys licensed to practice before this court.  As individuals acting *pro se,* Pollock and Lazardis may act on their own behalf, but they may not act on behalf of any other party.  Therefore, I read the two pending motions to dismiss [#22 & #27] as motions asserted by Pollock and Lazaridis only.

>  To resolve this question, I must apply Colorado's choice of law principles.
>
>  A federal court in a diversity case must apply the choice of law principles of the forum state. ***Klaxon Co. v. Stentor Electric Mfg. Co.***, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). Thus, we must follow Colorado law, which resolves conflicts under the principles set forth in Restatement (Second) of Conflict of Laws §§ 6 and 188 (1971) (the Restatement ).

***Dresser Industries, Inc. v. Sandvick***, 732 F.2d 783, 785 (10th Cir. 1984).  Under § 187(2) of the Restatement, the law of the state chosen by the parties will be applied, unless the plaintiff can demonstrate that (a) the state chosen has no substantial relationship to the parties or the transaction, or there is no other reasonable basis for the parties' choice; or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties. ***Restatement (Second) of Conflict of Laws***, § 187(2).

If the parties to a contract have not made an effective choice of law, then the rights and duties of the parties are determined by the local law of the state that has, with respect to the particular issue, the most significant relationship to the transaction and the parties under the principles stated in § 6 of the Restatement.  ***Dresser***, 732 F.3d at 785.  The factors relevant to a determination of the state with an interest in the issue in question are: "(a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicil, residence, nationality, place of incorporation and place of business of the parties."  ***Restatement (Second) of Conflict of Laws***, § 188.

Rowe argues that the Employment Contracts and the parties have no substantial

relationship with Colorado. Rowe notes that Gene Express is a Colorado corporation and the Employment Contracts invoke Colorado law, but argues that there are no other factors that relate to Colorado. As Rowe notes, the contracts, the parties, and Rowe's employment demonstrate ties to a variety of other states. In the context of the factual allegations in the Complaint, I conclude that the Employment Contracts have ties to several states, with no one state being predominant. In that context, I conclude that the relationship of the Employment Contracts to Colorado is sufficiently substantial that the choice of law expressed in the contracts is enforceable.

Rowe argues also that the application of Colorado law in this case would be contrary to the fundamental policies of Connecticut law. This argument is relevant only if I conclude that Connecticut has a materially greater interest in the issues presented by this case than does Colorado. Rowe notes that Connecticut law provides criminal penalties for failure to pay wages, and permits collection of unpaid wages from individual officers or agents of corporate employers if those officers or agents exercise ultimate authority to pay wages, but fail or refuse to do so willfully or in bad faith. In contrast, "under Colorado's Wage Claim Act, the officers and agents of a corporation are not jointly and severally liable for payment of employee wages and other compensation the corporation owes to its employees under [an] employment contract and the Colorado Wage Claim Act." **Leonard v. McMorris**, 63 P.3d 323, 325 (Colo. 2003).

These differences between Colorado law and Connecticut law do not show that Colorado law is contrary to the fundamental policies of Connecticut. "(M)erely not recognizing a claim or theory of recovery is not a substantial conflict which warrants a court's rejection of a contractually designated choice of law." **Hansen v. GAB**

***Business Services, Inc.***, 876 P.2d 112, 113 (Colo. App. 1994).  Further, having reviewed the plaintiff's response [#35], I conclude that the plaintiff has not shown that Connecticut has a materially greater interest than Colorado in the determination of the issues presented in the plaintiff's complaint.

In sum, I conclude that the allegations in the Complaint are not sufficient to state a claim for relief under the Connecticut Wage Collection Law that is plausible on its face.  Assuming the allegations in the Complaint to be true, I conclude that the choice of law provision in the Employment Contracts is controlling and that, thus, the Connecticut Wage Collection Law is not applicable.  Reading Pollock and Lazaridis's motions to dismiss liberally, I read those motions as a challenge to Rowe's assertion of a claim under the Connecticut Wage Collection Law.  Again, Pollock and Lazaridis argue that the Colorado Wage Claim Act controls Rowe's claim.  Based on this argument, it is a fair inference that Pollock and Lazaridis argue also that the Connecticut Wage Collection Law is not applicable.  Therefore, I grant the motions to dismiss as to Rowe's first claim for relief because Rowe has failed to state a claim that is plausible on its face.

### V.  STANDARD OF REVIEW - MOTION TO COMPEL ARBITRATION

The decision whether to enforce an arbitration agreement involves a bipartite analysis.  First, I must determine whether the parties agreed to arbitrate the dispute. ***Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth***, 473 U.S. 614, 626 (1985); ***Williams v. Imhoff***, 203 F.3d 758, 764 (10th Cir. 2000).  Second, I must consider whether any statute or policy renders the claims non-arbitrable.  ***Mitsubishi***,105 S.Ct. at 3355; ***Williams***, 203 F.3d at 764.  Federal policy strongly favors the arbitration of disputes, and, therefore,  agreements to arbitrate should be construed liberally.  ***Moses***

*H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 23 n.27 (1983).

## VI.  ANALYSIS - MOTION TO COMPEL ARBITRATION

The Employment Agreements contain an arbitration clause that provides, with limited exceptions not applicable to this case, as follows:

> All matters relating to the interpretation or enforcement of this Agreement . . . shall be resolved by binding arbitration with a single arbitrator under the then-rules and procedures of J.A.M.S. for the resolution of employment disputes.

*Employment Agreements A &B*, ¶ 20.   Pollock and Lazaridis seek to compel Rowe to resolve this case in arbitration as required ostensibly by the Employment Agreements.

Paragraph 20 of the Employment Agreements constitutes an agreement to arbitrate.  The broad language of the arbitration provision, quoted above, plainly encompasses the claims asserted by Rowe in this case. ***See P & P Industries, Inc. v. Sutter Corp.***, 179 F.3d 861, 871 (10th Cir. 1999) ("[T]he strong presumption in favor of arbitrability . . . applies with even greater force when such a broad arbitration clause is at issue.") (citation and internal quotation marks omitted).  In his response [#34], Rowe argues that the arbitration clause in the Employment Agreements is drawn narrowly and does not govern his claims against the defendants.  I disagree.  Rowe asserts claims based on the terms of the Employment Agreements, and those claims are "matters relating to the interpretation or enforcement of" the Employment Agreements. *Employment Agreements A &B*, ¶ 20.  Rowe's claims easily fall within the scope of the arbitration clause.

Rowe argues also that his claim under Connecticut law is not arbitrable as a matter of public policy.  For the reasons detailed above, I conclude that Rowe's claim

under Connecticut law must be dismissed. Thus, Rowe's public policy argument now is moot.

## VII. CONCLUSION AND ORDERS

For the reasons detailed above, Pollock and Lazaridis's motions to dismiss are granted as to Rowe's first claim for relief, his claim under Connecticut law, and Pollock and Lazaridis's motions to compel arbitration are granted. I note that on November 2, 2010, United States Magistrate Judge Michael J. Watanabe issued in this case an **Order To Show Cause and Order Resetting Scheduling/Planning Conference** [#62]. With the consent of Magistrate Judge Watanabe, I vacate his order to show cause and the scheduling/planning conference currently scheduled before Magistrate Judge Watanabe on November 22, 2010, at 9:30 a.m.

**THEREFORE, IT IS ORDERED** as follows:

1. That under FED. R. CIV. P. 12(b)(6), the **Defendants' Motion To Partially Dismiss Plaintiff's First Count for Relief Pursuant To FED. R. CIV. P. 12(b)(6)** [#22] filed September 1, 2010, is **GRANTED** in part as to defendant Alfred C. Pollock;

2. That under FED. R. CIV. P. 12(b)(6), the **Defendants' Motion To Partially Dismiss Plaintiff's First Count for Relief Pursuant To FED. R. CIV. P. 12(b)(6)** [#27] filed September 3, 2010, is **GRANTED** in part as to defendant Nikolaos Lazaridis;

3. That under FED. R. CIV. P. 12(b)(6), the plaintiff's first claim for relief, his claim under the Connecticut Wage Collection Law, is **DISMISSED WITH PREJUDICE** as to defendants Alfred C. Pollock and Nikolaos Lazaridis;

4. That to the extent the **Defendants' Motion To Partially Dismiss Plaintiff's First Count for Relief Pursuant To FED. R. CIV. P. 12(b)(6)** [#22] filed September 3, 2010, and the **Defendants' Motion To Partially Dismiss Plaintiff's First Count for**

**Relief Pursuant To FED. R. CIV. P. 12(b)(6)** [#27] filed September 3, 2010, can be read as motions to convert the plaintiff's first claim for relief to a claim under the Colorado Wage Claim Act, both motions are **DENIED**;

5. That the **Motion By Defendant To Compel Arbitration** [#20] filed September 1, 2010, is **GRANTED**;

6. That the **Motion By Defendant To Compel Arbitration** [#25] filed September 3, 2010, is **GRANTED**;

7. That the plaintiff, Jonathan Rowe, and the defendants, Gene Express, Inc., Alfred C. Pollock, III, Nikolas V. Lazaridis, and Gerald J. Vardzel, Jr. are **ORDERED** to proceed to arbitration of plaintiff's claims against the defendants;

8. That prosecution of plaintiff's claims against the defendants in this action is **STAYED** pending completion of arbitration;

9. That with the consent of Magistrate Judge Watanabe, the **Order To Show Cause and Order Resetting Scheduling/Planning Conference** [#62] filed November 2, 2010, and the scheduling/planning conference currently set for November 22, 2010, at 9:30 a.m., both are **VACATED**;

10. That all other motions pending in this case are **DENIED** as moot; and

11. That under **D.C.COLO.LCivR 41.2**, the Clerk of the Court is **DIRECTED** to close this case administratively, subject to reopening for good cause.

Dated November 10, 2010, at Denver, Colorado.

                                          **BY THE COURT:**

*[Signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge

11